# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**DEREK ALLEN KIDDER**

### ORDER OF DETENTION PENDING TRIAL

Case Number: 1:14-CR-141

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in    42 U.S.C. Sec. 16901
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 48 years old with an "other than honorable discharge" from the military. He has one daughter, age 23, with whom he does not maintain regular contact. He married his present wife in 2004, and they live in a mobile home owned by her. Defendant's employment for the past 9 years has been a computer repair business, but he earns only $200 per month. He suffers from sleep apnea and high blood pressure.

Defendant was convicted in 1991 of criminal sexual conduct for fondling a young girl, and (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, first because I do not find the presumption which arises in this case to have been rebutted. Second, aside from the rebuttable presumption, I find that the government has shown by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of the community. Defendant has been twice convicted of criminal sexual offenses involving (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 12, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:14-cr-00141-RJJ   ECF No. 11 filed 08/13/14   PageID.21   Page 2 of 2

United States v. **DEREK ALLEN KIDDER**
1:14-CR-141
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

sentenced to 3 to 10 years in prison.  He apparently stated at the time that he "should have been in prison years ago," acknowledging there had been ten previous victims.  In an entirely separate case a year later out of a different county, defendant was convicted of Criminal Sexual Conduct, 2nd degree, for an attempted sexual assault on a girl aged 2 to 4.  The sentence was 40 to 60 months.  Defendant served both sentences concurrently and served the maximum sentence for each without parole because his psychological evaluation indicated he was "likely to re-offend."

On or about April 24, 2014, defendant was seen near a day care center at a local mall which led police to contact him at his home.  It was noted that he had an email address on his business card that was not registered as required by the Sex Offender Registration Act.  The defendant gave consent at that time for the seizure of a computer tower and a number of disks.  State authorities obtained a search warrant in May to search these items and found 128 images of child pornography on one disk alone.  This gave grounds for a search warrant of the premises of his trailer, which also led to the defendant's arrest, in June 2014.  The defendant acknowledged during his first interview with authorities that he had started looking at pornography to control his urges toward young children.  He subsequently acknowledged in June that he knew touching was off-limits, so he looks at images.  This had been his way of addressing his sexual addiction toward young children back in 2000 when he was released from prison, at least until 2003.  However, authorities noted that he had downloaded child pornography as recently as September 2011.

The police also noted that the premises where he lived was extremely filthy, due to excrement, litter, black mold and similar conditions, resulting in the necessity for using breathing apparatus when the place was searched.  43 DVDs and multiple hard drives were seized, but the government speculates that any number of items containing child pornography could have been hidden and not found in the mess that was this trailer, and that it would not be feasible for the pretrial services office to attempt to supervise defendant at this facility.

**Part II - Written Statement of Reasons for Detention** - (continued)

the penetration or attempted penetration of very young girls, and has acknowledged there were ten other victims as well.  He has stated that upon his release in 2000, the only way he was able to forestall continued behavior of this nature was to look at child pornography, and the record indicates he did so voluminously.  There is no doubt that sexual predators can continue to re-offend; hence the Sexual Offender Registration laws.  Defendant has candidly acknowledged that he is such a person, but that he has been able to block his demons by viewing child pornography.  Since the Court is now precluding, as it must, this alternative, it leaves defendant with no retreat.  It is not a matter of speculating how the defendant might circumvent whatever safeguards the Court would put in place; the point is the Court can conceive of no condition or combination of conditions that would reasonably assure the safety of the community from the defendant pursuing his obsession in some manner presently unforeseeable.